[No. 26917.   Department Two.   April 7, 1938.]

G. A. PEHRSON, *Respondent,* v. SCHOOL DISTRICT No. 334, *Appellant.*[1]

*Ralph E. Foley, A. O. Colburn,* and *Harvey Erickson,* for appellant.

*Joseph A. Albi,* for respondent.

MILLARD, J.—In May, 1935, the superintendent of schools of district No. 334 of Spokane county employed plaintiff, an architect, to make drawings of a shop building and an estimate of the cost of such building for the school district. The board of directors of the

[1]Reported in 77 P. (2d) 1022.

school district paid to the architect one hundred and twenty dollars, the fee charged by him for his services in connection with these plans, in which two changes were made.

In June, 1935, the superintendent of the school district again employed plaintiff to prepare plans for an athletic field and recreational center, which work was to be a WPA project. All of the maps made and transmitted by the plaintiff to the school district were marked "School District No. 334." The athletic field improvements were to be on land owned by the school district which sponsored the project. That is, after the completion of the work, the field would be turned over to the school district for supervision and care.

In April, 1936, the superintendent of the school district employed the architect to prepare plans for a school building, to pay for which the architect contemplated a bond issue of approximately fifty thousand dollars. This third project was a part of the same plan and was to be on the same ground as the athletic field.

The athletic field job and the proposed new school building plans were abandoned. Several months later, a new school plan for a bond issue of forty thousand dollars and a school building to cost one hundred thousand dollars were evolved. The plaintiff's plans and specifications were not used. Under the new plan for a building costing one hundred thousand dollars another architect was employed.

On trial to the superintendent of schools of Spokane county of an action instituted to recover for services alleged to have been performed by him with respect to the three items described above, the plaintiff was awarded two hundred dollars. Trial of the action to a jury in the superior court for Spokane county, on appeal from the decision of the county superintendent

of schools, resulted in a verdict for the plaintiff in the amount of $1,116.00. The school district has appealed from the judgment entered on that verdict.

Counsel for appellant contend that the board of directors of the school district did not employ the respondent and did not accept the benefits of the work performed by him under his claimed oral agreements with the superintendent; therefore, the action should have been dismissed, as the superintendent of the school district was without authority to employ the architect, of which limitation the respondent was charged with knowledge.

Counsel for respondent counters that the school district was empowered to authorize and pay for the work performed by the respondent; and that if, as insisted by appellant, the contract was invalid merely because it was made by the superintendent in excess of his authority, the school district may ratify the contract, which it has done in this case.

Appellant school district had the power to enter into contracts such as the three on which respondent seeks to recover; however, that authority must be exercised through its board of directors (Rem. Rev. Stat., §§ 4702, 4776, 4817 [P. C. §§ 4906, 4979, 5021]). The authority to employ builders and architects is vested in the board of directors and not in the superintendent, whose duties are those of supervision of the several departments of the school (Rem. Rev. Stat., § 4821 [P. C. § 5025]).

We find nothing in the record disclosing that the board of directors entered into a contract with the respondent respecting the plans for the athletic field and the school building. The superintendent of schools was without legal authority to bind the school district by any contract he made with respondent as to that work. The services performed by respondent in the

matter of the plans for the shop building were accepted and payment therefor made by the school district. The respondent testified, concerning the plans for the athletic field, that he was never with the members of the board of directors; that, so far as the directors looking at any of his plans, "All that was done by Mr. Webb [superintendent of schools]."

While the board of directors could validate by ratification (the effect of which would be equivalent to previous authority) the superintendent's unauthorized employment of the respondent, that contract of employment was never ratified by the board of directors.

The superintendent of the appellant district was without legal authority to make the contract with the respondent. The board of directors did not authorize the contract originally, nor did the board subsequently ratify the contract. The record is clear that the school district never accepted the plans prepared by the respondent, and that the plans were of no benefit to the district. The respondent was paid by the appellant for the plans of the shop building, which was one complete job. As stated above, it was completed and payment therefor made before the services on the other two projects on which respondent seeks recovery were rendered. Appellant district received no benefits, because it could not utilize the plans of respondent. No benefits could be received, inasmuch as the whole matter was, for the time being, abandoned, and there was no revival of the building plans until subsequently under a different architect and a different plan, both of building and financing.

All that the record shows is that the respondent is endeavoring to hold the appellant responsible for an agreement made by the school district superintendent, who was without authority—the respondent is charged

with knowledge of that lack of authority—to make such a contract. Though charged with notice of the limitation of authority of the school district, the respondent "took for granted he was authorized to do this."

The superintendent had no authority to represent the school district in this matter. It may be that he was a representative of the community in which he resided—he was a member of the local commercial club, which was instrumental in placing that community on the list for playfield development—and that he also represented himself in doing work on his own initiative on projects that never materialized and never were approved, disapproved, or passed upon by the board of directors of appellant district.

True, the school district could have ratified the contract, but there was no ratification; nor can it be successfully urged that the school district is estopped to assert invalidity of the contracts. It did not acquiesce in the employment of the respondent, nor did it accept the benefits, if any, of the services rendered by him other than as to the shop building, for which services the school district paid the respondent the fee charged. While some of the members of the board of directors attended a mass meeting of citizens of the community when it was decided that the school district could not proceed along the lines drawn by respondent, as the plan called for a bond issue which the people of that community were not inclined to authorize, and the facts were made known to the respondent, that does not constitute ratification, or come within the rule which would permit the respondent to invoke the doctrine of estoppel.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

BEALS, BLAKE, and ROBINSON, JJ., concur.

Steinert, C. J. (dissenting)—The issues of fact which were submitted to the jury, under the instructions of the court, were (1) whether or not the agreement entered into by and between respondent and appellant's superintendent was made with the knowledge or at the direction of appellant's board of directors; and (2) whether or not appellant's board, knowing that respondent was engaged in the performance of the contemplated services, did or said anything to advise respondent that its superintendent had no authority to act for it in the matter. Upon these issues, the jury found for respondent. There was evidence to support the verdict. If the facts were as the verdict indicates, the judgment had ample support in law and should, in my opinion, be affirmed.

I therefore dissent.